IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN MILES FOSTER,<br>Petitioner, | : | PRISONER HABEAS CORPUS<br>28 U.S.C. § 2254 |
| v. | : | |
| STANLEY WILLIAMS,<br>Respondent. | : | CIVIL ACTION NO.<br>1:15-CV-198-RWS-LTW |

### ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner is confined at Georgia State Prison in Reidsville, Georgia. Petitioner, pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254 regarding the judgment of conviction that landed him in prison. (Doc. 1.) Petitioner also seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. 2.)

The filing fee for a habeas action is five dollars. 28 U.S.C. § 1914(a). Petitioner's IFP application demonstrates that he has $82.81 in his inmate financial account and, thus, can pay the fee. (Doc. 2.) Accordingly, the Court **DENIES** Petitioner leave to proceed IFP.

Petitioner authorized prison officials "to withdraw funds from my inmate account and to transmit the same to the . . . Court to be applied to the filing fee which I am required to pay in connection with this case." (*Id.* at 2.) The Court **DIRECTS** prison officials to withdraw five dollars from Petitioner's inmate account and submit

AO 72A
(Rev.8/82)

it to this court as payment of the filing fee for this case. The Court **DIRECTS** the Clerk to send a copy of this Order and Petitioner's IFP application to the finance department at the prison where Petitioner is confined.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4") requires a federal court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Under Rule 4, courts must screen a habeas petition and dismiss it prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The petition in this case is legally insufficient because it is an unauthorized successive petition.

In 1994, Petitioner pled guilty to felony murder in Clayton County. (Doc. 1 at 1.) In 2000, Petitioner filed in this Court a petition for a writ of habeas corpus seeking relief from that judgment. Petition, *Foster v. Rewis*, No. 1:00-cv-1029-RWS (N.D. Ga. Apr. 20, 2000). The Court dismissed the petition with prejudice because it was untimely. *Id.*, ECF Nos. 5, 8. The U.S. Court of Appeals for the Eleventh Circuit affirmed the judgment in June 2001. *Id.*, ECF No. 15. Petitioner filed his petition in this case, his second § 2254 petition challenging the Clayton County judgment, on January 14, 2015. (Doc. 1 at 8.)

2

Before a petitioner files in a federal district court a second or successive habeas petition challenging his state judgment, he "shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]." 28 U.S.C. § 2244(b)(3)(A); *see Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that state prisoner who "twice brought claims contesting the same custody imposed by the same judgment of a state court . . . was required to receive authorization from the Court of Appeals before filing his second challenge"). That rule applies where the first habeas petition was dismissed as untimely. *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009); *McNabb v. Yates*, 576 F.3d 1028, 1029-30 (9th Cir. 2009); *Murray v. Grenier*, 394 F.3d 78, 81 (2d Cir. 2005); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003); *Harpe v. Tatum*, No. 1:09-CV-2611-WSD, 2009 WL 3617769, at *3 (N.D. Ga. Oct. 29, 2009).

There is no indication in the record that Petitioner has sought, much less obtained, permission from the court of appeals to file another § 2254 petition. As the Court told Petitioner just a few weeks ago, he "is required to apply to the Court of Appeals for leave to file such a [successive habeas] petition." Order, *Foster v. Ctr. for Prisoners' Legal Assistance, P.C.*, No. 1:03-cv-1876-RWS (N.D. Ga. Dec. 10,

3

2014) (denying request for injunctive relief that was "essentially an effort . . . to file a second or successive petition for writ of habeas corpus").

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED** under Rule 4 as an unauthorized successive habeas petition over which the Court lacks jurisdiction. *See Day v. McDonough,* 547 U.S. 198, 209-10 (2006) (holding that district courts may sua sponte dismiss a habeas petition after affording the parties fair notice).[1] The undersigned **FURTHER RECOMMENDS** that Petitioner be denied a certificate of appealability because the jurisdictional issue is not reasonably debatable. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO ORDERED & RECOMMENDED** this 26 day of January, 2015.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[1] This Report and Recommendation provides such notice.