IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN MILES FOSTER, | :: | PRISONER HABEAS CORPUS |
|    Petitioner, | :: | 28 U.S.C. § 2254 |
| | :: | |
| v. | :: | |
| | :: | |
| STANLEY WILLIAMS, | :: | CIVIL ACTION NO. |
|    Respondent. | :: | 1:15-CV-198-RWS |

**ORDER**

Petitioner is a state prisoner who, pro se, challenges under 28 U.S.C. § 2254 his judgment of conviction entered in Clayton County in 1994. (Doc. 1.) Magistrate Judge Walker reviewed the petition as required by Rule 4 of the § 2254 Rules and issued a Report and Recommendation that the petition be dismissed as impermissibly successive. (Doc. 3 ("R&R").) Petitioner filed objections to the R&R. (Doc. 4.)

A district judge must conduct a careful and complete review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made," 28 U.S.C. § 636(b)(1)(C), while those portions of the R&R for which there is no objection are reviewed only for clear error, *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

As noted in the R&R, Petitioner first challenged his state judgment under the federal habeas laws fifteen years ago. Pet., *Foster v. Rewis*, No. 1:00-cv-1029-RWS (N.D. Ga. Apr. 20, 2000). The Court dismissed the federal petition with prejudice because Petitioner filed it after the one-year limitations period for filing it expired, and the court of appeals affirmed the dismissal. *Id.*, ECF Nos. 5, 8, 15.

Petitioner admits in his objections that he has not obtained permission from the court of appeals to file another federal habeas petition challenging the state judgment. (Doc. 4 at 2-3.) Petitioner has submitted to the court of appeals a request for such permission that is still pending. (*Id.*) Petitioner cannot file another § 2254 petition in this Court unless and until he obtains the court of appeals' permission. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that state prisoner "was required to *receive authorization* from the Court of Appeals *before* filing his second challenge" (emphasis added)).

Petitioner contends that his current petition is not successive because the Georgia Supreme Court denied his direct appeal just one year ago and the one-year limitations period for filing a federal habeas petition did not begin until that time. (Doc. 4 at 1-2.) Petitioner argues that this Court thus lacked jurisdiction to dismiss his first § 2254 petition as untimely because he had not exhausted his state remedies at that

2

time. (*Id.*) Petitioner also argues that the one-year limitations period should be tolled. (*Id.*)

Petitioner misrepresents the procedural history of his criminal case in the state courts. In April 2013, almost nineteen years after he pled guilty in Clayton County, Petitioner filed in the trial court an out-of-time motion to withdraw his guilty plea. *Foster v. State*, 754 S.E.2d 78, 79 (Ga. 2014). The trial court dismissed that motion, and Petitioner appealed. *Id.* It was that appeal that the Georgia Supreme Court decided one year ago. *Id.* (affirming dismissal of untimely motion to withdraw plea). That was not a direct appeal or the continuation of state-court proceedings that began over twenty years ago, contrary to Petitioner's representation. And even if the Court could revisit the timeliness issue as to Petitioner's first § 2254 petition – which it cannot – Petitioner's motion for out-of-time appeal could not toll the one-year limitations period because he did not file that motion until April 2013, long after the one-year period expired.

The bottom line is that the Court rendered judgment on Petitioner's first § 2254 petition over a decade ago. If Petitioner wishes to challenge that judgment, he must do so in the court of appeals. But he cannot file another § 2254 petition in this Court

3

without first obtaining (and not merely requesting) permission from the court of appeals to do so.  Petitioner has not obtained such permission.

Accordingly, the Court **OVERRULES** Petitioner's objections [4] and **ADOPTS** the R&R [3] as the opinion of the Court.  The petition is **DISMISSED** as impermissibly successive, and a certificate of appealability is **DENIED**.

**SO ORDERED** this   18th   day of February, 2015.

                                                              _____
                                                              **RICHARD W. STORY**
                                                              United States District Judge